UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 20-cv-62223

EMMA POWELL,
    Plaintiff,

v.

ASSET ACCEPTANCE, LLC and
MIDLAND CREDIT MANAGEMENT, INC.,
    Defendants.
_____/

## COMPLAINT
## FOR ACTUAL, STATUTORY AND PUNITIVE DAMAGES
### JURY DEMAND

1. Plaintiff allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA") and the tort of wrongful garnishment.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant filed a state court garnishment proceeding against Plaintiff's property in this District.

### PARTIES

3. Plaintiff, EMMA POWELL ("POWELL"), is a natural person and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, ASSET ACCEPTANCE, LLC. ("ASSET"), is a corporation organized under the laws of the State of Delaware. It is a citizen of the State of Michigan with its principal place of business at 320 E. Big Beaver Rd., Suite 300, Troy MI 48083.

5. Defendant, Asset, is registered with the Florida Department of State, Division of Corporations as a limited liability company. Its registered agent for service of process is Midland

Credit Management, Inc., c/o Canon Business Process, 8875 Hidden River Pkwy., Suite 100, Tampa, Florida 33637.

6. Defendant, MIDLAND CREDIT MANAGEMENT, INC. ("MCM"), is a corporation organized under the laws of the State of Kansas. It is a citizen of the State of California with its principal place of business at 3111 Camino del Rio N, Suite 103, San Diego, CA 92108.

7. MCM is registered with the Florida Department of State Division of Corporations as a corporation. Its registered agent for service of process is Corporation Service Company, 1201 Hays St., Tallahassee, FL 32301.

8. Defendants regularly use the mail and telephone in businesses the principal purpose of which is the collection of debts.

9. Defendants are registered with the Florida Office of Financial Regulation as consumer collection agencies.

10. Defendant, Asset, filed suit against Plaintiff in Broward County, Florida.

11. Defendants regularly use the mail and telephone to collect consumer debts.

12. Defendants' primary purpose is the collection of debts.

13. Defendants are "debt collectors" as defined in the FDCPA.

## FACTUAL ALLEGATIONS

14. Defendants sought to collect from Powell an alleged debt arising from a credit card which Plaintiff used for his own personal, family and household purposes.

15. Powell's alleged debt went into default.

16. On or about June 15, 2001, Asset filed suit against Powell in state court in Broward County, Florida.

17. Asset obtained a final judgment against Powell on January 22, 2002.

18. On December 18, 2018, an Order on Motion for Continuing Writ of Garnishment was issued that deferred ruling on Assets Motion for Continuing Writ of Garnishment.[1] A copy of the order is attached as Exhibit "A."

19. No Motion for Continuing Writ of Garnishment was ever filed in the court docket.

20. No Continuing Writ of Garnishment was ever issued.

21. Defendants sent various communications to Powell.

22. Powell, in fear that her wages would be garnished, retained the undersigned counsel and filed a Claim of Exemption ("COE"). A copy of the COE is attached as Exhibit "B."

23. Defendants filed an Affidavit in Opposition to Claim of Exemption ("Affidavit"). A copy of the Affidavit is attached as Exhibit "C."

24. The Affidavit was sent to Powell and her employer. *See* Exhibit "C."

25. In the Affidavit, Payal Chatani swore that she is an officer of Asset Acceptance, LLC.

26. Payal Chatani is not and has never been an officer of Asset Acceptance, LLC. According to the 2019 Annual Report filed by Asset, there are no officers of Asset, only a manager who is listed as Asset Acceptance Capital Corp. A copy of the 2019 Annual Report of Asset Acceptance, LLC is attached as Exhibit "D."

27. The 2019 Annual Report of Asset Acceptance Capital Corp lists four (4) officers: Jonathan Clark who is located in Virginia, Greg Call and Greg Gerkin, both of whom are located in California, and Ashish Masih, who is located in Michigan. A copy of the 2019 Annual Report of Asset Acceptance Capital Corp. is attached as Exhibit "E."

---

[1] There is no Motion for Continuing Writ of Garnishment on the state court docket.

28. Payal Chatani's signature was notarized by Andrea Luedke, a Florida notary. A Florida notary would not be able to notarize signatures outside of the State of Florida.

29. Payal Chatani perjured herself.

30. Powell filed her COE on February 14, 2020, and Defendants did not file their Affidavit until March 6, 2020, which is fifteen (15) business days after Powell filed her COE. *See* Exhibits "B" and "C."

31. Fla. Stat. §77.041(3) states:

> "Upon the filing by a defendant of a sworn claim of exemption and request for hearing, a hearing will be held as soon as is practicable to determine the validity of the claimed exemptions. If the plaintiff or the plaintiff's attorney does not file a sworn written statement that answers the defendant's claim of exemption within 8 business days after hand delivering the claim and request or, alternatively, 14 business days if the claim and request were served by mail, no hearing is required and the clerk must automatically dissolve the writ and notify the parties of the dissolution by mail."

32. Defendants filed their Affidavit late.

33. The state court set Powell's Claim of Exemption for hearing on June 30, 2020.

34. Powell's Claim of Exemption was granted. A copy of the Order Granting COE is attached as Exhibit "F."

35. Powell suffered embarrassment and humiliation when her employer was sent garnishment documents even though Defendants did not properly submit a Continuing Writ of Garnishment.

36. Powell was required to disclose her personal financial and family information to her employer. Specifically, she had to disclose that she owed money to a creditor and her family status.

37. Powell was required to pay for legal counsel to represent her in the state court garnishment.

38. Defendants acted in malice to harass and pressure Plaintiff in an effort financially benefit themselves.

39. Plaintiff suffered damages as a result of Defendants' improper actions and seeks statutory, compensatory and punitive damages.

### COUNT I
### FALSE STATEMENT IN VIOLATION OF 15 U.S.C. §1692e

40. Plaintiff incorporates Paragraphs 1 through 39.

41. Defendants made a false and misleading statement to Plaintiff in an attempt to collect a debt, in violation of 15 U.S.C. §1692e and did so knowingly.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of him and against Defendant for:

    a. Actual and statutory damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

### COUNT II
### CONTINUING TO GARNISH WAGES
### IN VIOLATION OF 15 U.S.C. §1692f

51. Plaintiff incorporates Paragraphs 1 through 39.

52. Defendants sought to cause Plaintiff's employer to withhold Plaintiff's much needed wages even though it failed to obtain a Continuing Writ of Garnishment and failed to comply with Fla. Stat. §77.041(3), in violation of 15 U.S.C. §1692f and did so knowingly.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of her and against Defendants for:

      a.    Actual and statutory damages;

      b.    Attorney's fees, litigation expenses and costs of suit; and

      c.    Such other or further relief as the Court deems proper.

## COUNT IV
## WRONGFUL GARNISHMENT

53.    Plaintiffs incorporate Paragraphs 1 through 39.

54.    Defendant continued to garnish Plaintiff's wages for additional time even after it knew or should have known that it failed to comply with Florida's garnishment statutes and did so with malice.

55.    Defendant knowingly caused the Plaintiff to believe that her wages would be garnished for an extended period of time when it had no legal basis to do so.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of her and against Defendants for:

      a.    Actual and punitive damages;

      b.    Attorney's fees, litigation expenses and costs of suit; and

      c.    Such other or further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiffs demand trial by jury.

                                              Debt Shield Law
                                              3440 Hollywood Blvd., Suite 415
                                              Hollywood, FL 33021
                                              Tel:    305-776-1805
                                              Fax:    305-503-9457
                                              legal@debtshieldlawyer.com
                                              joel@debtshieldlawyer.com

                                              */s/ Joel D. Lucoff*
                                              Joel D. Lucoff
                                              Fla. Bar No. 192163